## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE SURPLUS LINES INSURANCE COMPANY<br>18700 N. Hayden Road<br>Scottsdale, AZ 85255<br><br>       *Plaintiffs*,<br><br>v.<br><br>EVEREST NATIONAL INSURANCE COMPANY<br>477 Martinsville Road<br>P.O. Box 830<br>Liberty Corner, NJ 07938-0830<br><br>APEX EVENT MANAGEMENT LLC<br>c/o WH Entity Services, Inc.<br>1300 E 9th St., Suite 1400<br>Cleveland, OH 44114<br><br>UNITED SPECIALTY INSURANCE COMPANY<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>LNKBOX GROUP INC.<br>511 El Centro Street<br>Apt A South<br>Pasadena, CA 91030<br><br>STARR INDEMNITY & LIABILITY COMPANY<br>500 W. Monroe Street, 31st Floor<br>Chicago, IL 60661<br><br>MADISON HOUSE PRESENTS LLC<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219 | CASE NO.:<br><br>JUDGE:<br><br><br><br><br><br><br><br><br><br>**COMPLAINT**<br><br>For Declaratory Judgment<br><br>Trial by Jury Demanded |

TRICKLE PRODUCTIONS LLC
c/o Sam Starr, Inc.
65 East Broad Street, Suite 1000
Columbus, OH 43215

LAURA TRICKLE
P.O. Box 402
Thornville, OH 43076

STEVE TRICKLE
P.O. Box 402
Thornville, OH 43076

       *Defendants.*

Plaintiff, Scottsdale Surplus Lines Insurance Company ("Scottsdale"), states for its complaint for declaratory judgment against Defendants Everest National Insurance Company ("Everest"), Apex Event Management LLC ("Apex"), United Specialty Insurance Company ("United"), LNKBox Group, Inc. ("LNKBox"), Starr Indemnity & Liability Company ("Starr"), Madison House Presents LLC ("Madison"), Trickle Productions LLC ("Trickle"), Laura Trickle, and Steve Trickle as follows:

### Nature of the Action

1.      Scottsdale brings this complaint for declaratory judgment pursuant to Fed.R.Civ.P. 52, and 28 U.S.C. Section 2201(a), on the parties' respective rights and obligations under commercial general liability ("CGL") policies issued by Scottsdale, Everest, United, and Starr to Trickle, Apex, LNKBox, and Madison, respectively, all obligating the insurers to defend and indemnify Trickle, Laura Trickle, and Steve Trickle against certain claims and suits (the "Policies").

2.      Scottsdale also seeks a declaration of the parties rights and obligations under a venue lease entered into between Trickle (as landlord) and Apex (as tenant), requiring, among

other things, Apex to indemnify, defend, and insure Trickle against certain claims and suits (the "Lease").

3. Scottsdale also seeks a declaration of the parties rights and obligations under an agreement for services entered into between Apex (as the services purchaser) and LNKBox (as the services vendor), that obligated LNKBox to indemnify, defend and insure Trickle, Laura Trickle, and Steve Trickle against certain claims and suits (the "LNKBox Contract").

4. Scottsdale also seeks a declaration of the parties rights and obligations under an agreement for services entered into between Apex (as the services purchaser) and Madison (as the services vendor), that obligated Madison to indemnify, defend and insure Trickle, Laura Trickle, and Steve Trickle against certain claims and suits (the "Madison Contract").

5. True and accurate copies of three of the four the Policies have been marked as Exhibits and attached to this complaint for declaratory judgment as follows:

| Exhibit | Policy No. | Issuing Co. | Policy Term | Policy |
|---------|------------|-------------|-------------|--------|
| A | CPH7202362 | Scottsdale | May 21, 2021 - 2022 | CGL |
| B | SI8ML02321211 | Everest | Aug. 21, 2021 - 2022 | CGL |
| C | ATN2118518 | United | Aug. 30, 2021 - 2022 | CGL |
| D | 1000100043201 | Starr | Mar. 1, 2020 - 2021 | CGL |

6. A certificate of insurance purporting to evince the Starr policy is attached as Exhibit D. Scottsdale will seek a true and accurate copy of the Starr policy in discovery and substitute it at that time.

7. True and accurate copies of the other contracts upon which Scottsdale seeks declaratory judgment have been marked as Exhibits and attached to this complaint for declaratory judgment as follows:

| Exhibit | Document | Parties | Date |
|---------|----------|---------|------|
| E | Venue Lease | Trickle - Apex | Feb. 20, 2019 |
| F | First Amendment to Lease | Trickle -Apex | Feb. 26, 2020 |

| G | Second Amendment to Lease | Trickle -Apex | Apr. 5, 2021 |
|---|---|---|---|
| H | LNKBox Contract | Apex - LNKBox | Unknown |
| I | Madison Contract | Apex - Madison | Jan. 27, 2020 |
| J | First Amendment to Madison Contract | Apex - Madison | Apr. 14, 2021 |

8.     The LNKBox Contract attached as Exhibit G is unsigned and undated. On information and belief, Exhibit G is a true and accurate copy of the contract that was actually signed by Apex and LNKBox.

9.     Scottsdale will obtain a signed and dated copy of the LNKBox Contract through discovery and file it with the Court.

### Parties, Jurisdiction, and Venue

10.     Scottsdale is a for-profit corporation organized under the laws of the State of Arizona with its principal place of business in Scottsdale, Maricopa County, Arizona

11.     Scottsdale is authorized to offer a variety of insurance products to the public in the State of Ohio, including Perry County, Ohio.

12.     Everest is a for-profit corporation organized under the laws of the State of Delaware with its principal place of business in Warren, New Jersey.

13.     Apex is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Encino, California.

14.     The identity(s) of Apex's member(s) is/are unknown to Scottsdale, but on information and belief, none are residents of Arizona.

15.     United is a for-profit corporation organized under the laws of the State of Delaware with its principal place of business in Houston, Texas.

16.     LNKBox is a for-profit corporation organized under the laws of the State of Delaware with its principal place of business in South Pasadena, California.

17.     Starr is a for profit insurance corporation organized under the laws of the State of Texas with its principal place of business in New York, New York.

18.     Madison is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Boulder, Colorado.

19.     The identity(s) of Madison's member(s) is/are unknown to Scottsdale, but on information and belief, none are residents of Arizona.

20.     Trickle is a limited liability company organized under the laws of the State of Ohio with its principal place of business in Thornville, Perry County, Ohio.

21.     Trickle's members are Ohio residents and none are residents of Arizona.

22.     Laura and Steve Trickle are members and/or managers of Trickle and reside in Thornville, Perry County, Ohio.

23.     Jurisdiction is proper under 28 U.S.C. Section 1332 because there is complete diversity among the parties and because the amount in controversy in the underlying suit for personal injuries, which is the subject of the insurance claim at issue here, exceeds $75,000.

24.     Venue is proper in the Southern District of Ohio under 28 U.S.C. Section 1391 because at least one of the Defendants are domiciled in the district and because at least one of the Policies was issued here.

**The Underlying Suit - Parties**

25.     On August 17, 2023, Brooke N. Mann filed Case No. 2:22-cv-02553 in this Court (the Underlying Suit).

26.     Mann is the sole Plaintiff in the Underlying Suit.

27.     LNKBox, Apex, Madison, Trickle, and Laura and Steve Trickle, among others, are named as Defendants in the Underlying Suit.

28.     A copy of the first amended complaint filed in the Underlying Suit is attached as Exhibit K.

29.     Scottsdale references and incorporates the allegations of the first amended complaint filed in the Underlying Suit only as a factual predicate for this complaint for declaratory relief, not because it concedes the allegations to be true.

**The Underlying Suit - Allegations**

30.     Mann asserts claims sounding in: (1) Negligence and Recklessness; (2) Vicarious Liability and Respondeat Superior; (3) Negligent or Reckless Hiring or Training; and (4) Negligent or Reckless Retention, against various of the Defendants and combinations of them.

31.     Mann claims that on September 24, 2021 she was an attendee at a music festival being held at the Legend Valley concert venue in Thornville, Ohio (the "Property").

32.     Mann claims that during the course of the festival she was transported via a "tractor and Tram" from a campground area on or adjacent to the Property to the main performance area on the Property.

33.     Mann claims that at around 6:00 p.m., the "tractor and Tram" overturned while attempting to navigate a gravel path on a steep hill (the "Accident").

34.     Mann claims to have been seriously injured in the Accident.

**The Lease**

35.     Trickle owns the Property.

36.     Trickle leases the Property to various concert promoters at different times throughout the year.

37.     On February 2, 2019 Trickle and Apex entered into the Lease.

38.     The Lease was amended on February 26, 2020 and April 5, 2021.

39.    The Lease authorized Apex to organize and conduct a music festival on the Property during a period of time that included September 24, 2021.

40.    The Lease required Apex to provide at its sole expense, "any gatemen, building tradesmen, security forces, medical personnel or other staff required for the Event" (Lease, Section 6.1).

41.    The Lease obligated Apex to "protect, defend, indemnify, and hold Trickle harmless from and against any and all liabilities, claims, expenses, losses and damages (including reasonable attorney fees and costs), arising as a result of or in connection with any Tenant Events, or the actions of Tenant and its employees, agents, guests, and contractors on the Site during the Term." (Lease, Section 9.3).

42.    The Lease further obligated Apex to maintain general liability insurance with such coverage and in such amounts that are customarily carried by concert promoters in Ohio, and Trickle was to be named as an additional insured on the Apex policy. (Lease, Section 9.1).

43.    Laura and Steve Trickle were intended third party beneficiaries of the indemnity and insurance provisions of the Lease.

**The LNKBox Contract**

44.    On a date currently unknown to Scottsdale, but to be determined in discovery, Apex and LNKBox entered into the LNKBox Contract.

45.    The LNKBox contract required LNKBox to furnish services to Apex, including "seventy (70) decorated carts and drivers for patron transportation" in connection with the festival to be held at the Property on the date of the Accident (LNKBox Contract, p. 1 of 9).

46.    Under the LNKBox Contract, LNKBox agreed to "indemnify, defend and…hold harmless…the venue and its principals…from and against all damages, claims, [and] losses

(including attorneys' fees and costs)…in connection with the performance of the services or the failure to perform the services…" (LNKBox Contract, Terms and Conditions, Section 8, p. 4 of 9).

47.     Under the LNKBox Contract, LNKBox further agreed to procure CGL insurance with limits of not less than Two Million Dollars ($2,000,000) per occurrence and Five Million Dollars ($5,000,000) in the aggregate (LNKBox Contract, Terms and Conditions, Section 9a, p. 5 of 9).

48.     Under the LNKBox Contract, LNKBox further agreed to deliver to Apex certificates of insurance demonstrating that LNKBox had purchased the required coverage and further demonstrating that the LNKBox CGL policy had been endorsed to include as additional insureds, Trickle, Laura Trickle, and Steve Trickle, among others (LNKBox Contract, Terms and Conditions, Section 9b, p. 5 of 9).

49.     Trickle, Laura Trickle, and Steve Trickle are intended third party beneficiaries under the LNKBox Contract with respect to the indemnity and insurance provisions.

**The Madison Contract**

50.     On January 27, 2020 Apex and Madison entered into the Madison Contract.

51.     The Madison Contract obligated Madison to provide to Apex various personnel and services in connection with the festival to be held on the date of the Accident (Madison Contract, Section 1, Scope of Services).

52.     The services Madison was contracted to provide included oversight of "event production … including without limitation … third party staffing, … site operations … traffic and parking, … and patron experience" (Exhibit B to the Madison Contract, p. 8 of 15).

53.     These services included coordinating "in the development and execution of ingress and egress plans, including all traffic, … across all entrances and exits in the festival and campgrounds as well as any off-site locations."

54.     Under the Madison Contract, Madison agreed to "indemnify, defend and…hold harmless…Apex and its affiliates and their principals…from and against all damages, claims, [and] losses (including attorneys' fees and costs)…in connection with the gross negligence or willful  misconduct of Madison" (Madison Contract, Section 6b).

55.     Under the Madison Contract, Madison further agreed to procure CGL insurance with limits of not less than Five Million Dollars ($5,000,000) per occurrence and Ten Million Dollars ($10,000,000) in the aggregate (Madison Contract, Section 7c).

56.     Under the Madison Contract, Madison further agreed to deliver to Apex certificates of insurance demonstrating that Madison had purchased the required coverage and further demonstrating that the CGL policy issued to Madison had been endorsed to include as additional insureds, Trickle, Laura Trickle, and Steve Trickle, among others (Madison Contract, Section 7c).

57.     Trickle, Laura Trickle, and Steve Trickle are intended third party beneficiaries under the Madison Contract with respect to the indemnity and insurance provisions.

**The Claim**

58.     Scottsdale's first notice of Mann's injury or the Underlying Suit came on October 2, 2023, more than two years after the Accident.

**The Tender**

59.     Scottsdale investigated the Suit and on October 23, 2023 tendered the defense of Trickle, Laura Trickle and Steve Trickle to Everest (the "Everest Tender").

60.     A copy of the Everest Tender is attached as Exhibit L.

61. On October 24, 2023 Everest acknowledged the tender in a letter (the "Acknowledgement").

62. A copy of the Acknowledgement is attached as Exhibit M.

63. On October 31, 2023 Scottsdale reiterated the request that Everest defend Trickle, Laura Trickle, and Steve Trickle (the "Follow Up").

64. A copy of the Follow Up is attached as Exhibit N.

65. On May 10, 2024 Trickle and Steve and Laura Trickle tendered their defense to LNKBox and Madison (the "LNKBox Tender" and "Madison Tender," respectively).

66. Copies of the LNKBox Tender and Madison Tender (sans exhibits) are attached as Exhibits O and P, respectively.

67. Neither party has accepted the tender; LNKBox has rejected the tender to it, claiming that it never executed a written contract with Apex.

**The Defense under ROR**

68. In the face of Everest's inaction in response to the Everest Tender, Scottsdale timely retained counsel to defend Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit.

69. On December 5, 2023 Scottsdale issued a reservation of rights letter to Trickle, Laura Trickle, and Steve Trickle and explained that Scottsdale would provide them with a defense to the Underlying Suit but that it reserved its rights under the Policy and the law, including among other rights, the right to seek declaratory judgment (the "ROR").

70. A copy of the ROR is attached as Exhibit Q.

71. Scottsdale has incurred the attorneys' fees, litigation expenses, and other costs associated with the defense of Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit.

72.    Such fees, expenses and costs should have been borne by others and Scottsdale is entitled to recover them from the responsible parties.

73.    The responsible parties include at least Everest, United, Starr, Apex, LNKBox, and Madison.

### The Scottsdale Policy

74.    Scottsdale issued the Policy to Trickle for a one year term beginning May 21, 2021 with "bodily injury" liability limits of $3,000,000 per occurrence subject to a $3,000,000 General Aggregate limit.

75.    The Policy is written on ISO Form CG 00 01 04 13 and obligates Scottsdale to pay those sums that Trickle becomes "legally obligated to pay as damages because of 'bodily injury' to which this insurance applies, and to defend Trickle against any 'suit' seeking those damages."

76.    The Policy applies to "bodily injury" only if it is caused by an "occurrence" that takes place during the policy period.

77.    "Bodily injury" means "bodily injury, sickness or disease sustained by a person."

78.    "Occurrence" means "an accident."

79.    The Policy states that if "you" are "designated in the Declarations as a limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers."

80.    In the Policy, the terms "you" and "your" are defined to refer to Trickle.

81.    The Policy includes an "Amendment to Other Insurance Condition" endorsement which replaces the "Other Insurance" clause in the CG 00 01 04 13 policy form.

82.     That endorsement provides that the Policy's coverage is "excess over any other insurance, whether primary, excess, contingent or on any other basis: … (e) that is valid and collectible insurance available to any insured under any other policy."

83.     Under the endorsement, "when this insurance is excess," Scottsdale will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit."

**The Everest Policy**

84.     Everest issued Policy No. SI8ML02321211 to Apex for the term of August 21, 2021 to August 21, 2022.

85.     The CGL coverage has a Per Occurrence limit of $1,000,000 subject to General Aggregate and Products Completed Operations Aggregate limits of $1,000,000 each.

86.     The Everest Policy is written on the same coverage form as the Scottsdale Policy, CG 00 01 04 13 (*i.e.*, it obligates Everest to pay those sums that an insured becomes legally obligated to pay as damages because of "bodily injury" due to an "occurrence" and to defend the insured against any "suit" seeking those damages).

87.     The Everest Policy is endorsed with ECG 20 600 05 09, Additional Insured --- Automatic Status When Required In A Written Agreement With You:

>     A.     Section II  - Who Is An Insured is amended to include as an additional insured any person or organization with whom you have a written agreement that such person or organization be added as an additional insured on your Coverage Part. Such person or organization is an additional insured only with  respect to liability for "bodily injury,"  …but only to the extent caused, in whole or in part, by:
>
>     1.     Your acts or omissions; or
>
>     2.     The acts or omissions of those acting on your behalf;
>
>     in the performance of your operations for an additional insured.

* * *

88.     The Everest Policy's Other Insurance condition states:

4.      Other Insurance.

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A [which includes claims for "bodily injury"] or B of this Coverage Part, our obligations are limited as follows:

a.      Primary Insurance

This insurance is primary except when Paragraph b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph c. below.

* * *

b.      Excess Insurance

(1)     This insurance is excess over:

(a)     Any of the other insurance, whether primary, excess, contingent or on any other basis:

(i)     That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work;"

(ii)    That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

(iii)   That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

(iv)    If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Section I --- -

            Coverage A --- - Bodily Injury And Property Damage Liability.

     (b)  Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

  c.  Method Of Sharing

    If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

    If any of the other insurance Starrs not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**The United Policy**

89.  United issued its CGL policy to LNKBox for a one year term beginning August 30, 2021.

90.  The United Policy provides CGL coverage with limits of $1,000,000 each occurrence subject to a $2,000,000 general aggregate.

91.  The United Policy was written on Form CG 00 01 12 07, which is substantially similar to the form on which the Scottsdale and Everest Policies were written (*i.e.*, United is obligated to pay those sums that an insured becomes legally obligated to pay as damages because of "bodily injury" due to an "occurrence" and to defend the insured against any "suit" seeking those damages).

92.  The United Policy is endorsed with CG 20 26 04 13, Additional Insured – Designated Person or Organization, which states:

A.    Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

1.    In the performance of your ongoing operations;

* * *

93.    The Schedule to this endorsement names as the additional insured person(s) or organization(s): "As required by Written Contract, Fully Executed Prior to the Named Insured's Work."

94.    The Other Insurance provision in the United Policy is identical to that of the Everest Policy.

**The Starr Policy**

95.    On information and belief, the Starr Policy was issued to Madison with the limits required in the Madison Contract and for a term that includes September 24, 2021.

96.    On information and belief, the Starr Policy was written on a form substantially similar to the forms that the Scottsdale, Everest, and United Policies were written on.

97.    On information and belief, the Starr Policy is endorsed to include Trickle, Laura Trickle, and Steve Trickle as additional insureds.

98.    On information and belief, the Starr Policy provides primary CGL coverage to Trickle, Laura Trickle, and Steve Trickle.

**Grounds for Declaratory Judgment**

99.    An actual case or controversy exists with respect to the duty of Scottsdale, Everest, United, and Starr to defend and indemnify Trickle and Laura and Steve Trickle under their respective Policies against the claims asserted by Mann in the Underlying Suit.

15

100.    An actual case or controversy exists with respect to the duty of Apex, LNKBox and Madison to defend and indemnify Trickle and Laura and Steve Trickle under the Lease and LNKBox and Madison Contracts against the claims asserted by Mann in the Underlying Suit.

101.    Speedy and effective relief is necessary to preserve Scottsdale's rights.

102.    A declaratory judgment establishing the rights, status, and other legal relations of the parties under the Policies, Lease, and Contracts would terminate the controversy.

103.    All persons who have any claims or interests in the subject matter of this action and who would be affected by the requested declaratory relief have been joined as parties.

104.    Scottsdale is entitled to declaratory relief under Ohio and federal law.

**Count 1: Declaratory Judgment**
**The Everest Policy**

105.    The Everest Policy includes as an additional insured, any person or organization with whom Apex has a written agreement to add such person or organization as an additional insured to the Everest Policy.

106.    Such persons and organizations are additional insureds with respect to liability for "bodily injury" … to the extent caused, in whole or in part, by Apex' acts or omissions (or the acts or omissions of others acting on Apex's behalf) in the performance of Apex's operations for an additional insured.

107.    The Lease between Apex and Trickle requires Apex to name Trickle as an additional insured on the Everest Policy.

108.    The amended complaint in the Underlying Suit alleges that Apex is liable in whole or in part for Mann's injuries and damages as a result of Apex's performance of its rights and obligations under the Lease.

16

109. The amended complaint in the Underlying Suit seeks damages from Trickle that were allegedly caused in whole or in party by Apex.

110. Trickle is an additional insured under the Everest Policy issued to Apex.

111. The coverage to which Trickle is entitled under the Everest Policy is primary to any coverage to which it is entitled under the Scottsdale Policy, which is excess.

112. As such, Trickle is entitled to a defense under the Everest Policy.

113. Scottsdale has to date incurred the cost of defending Trickle in the Underlying Suit which Everest should have incurred.

114. Scottsdale asks the Court to find and declare that Everest owes a defense and indemnity to Trickle, that its coverage is primary, and that it is contractually obligated to pay the past and future cost of defending Trickle in the Underlying Suit and to indemnify it against any judgment or settlement entered against it, up to the limits of its coverage.

**Count 2: Declaratory Judgment**
**The United Policy**

115. The United Policy includes as an additional insured any person or organization with whom LNKBox has a written agreement to add such person or organization as an additional insured under the United Policy.

116. Such persons and organizations are additional insureds with respect to liability for "bodily injury" … to the extent caused, in whole or in part, by LNKBox's acts or omissions (or the acts or omissions of others acting on LNKBox's behalf) in the performance of LNKBox's operations for an additional insured.

117. The LNKBox Contract between Apex and LNKBox requires LNKBox to name Trickle, Laura Trickle and Steve Trickle as additional insureds on the United Policy.

118.     The amended complaint in the Underlying Suit alleges that LNKBox is liable in whole or in part for Mann's injuries and damages as a result of LNKBox's performance of its obligations under the LNKBox Contract.

119.     The amended complaint in the Underlying Suit seeks damages from Trickle, Laura Trickle, and Steve Trickle that were allegedly caused in whole or in party by LNKBox.

120.     Trickle, Laura Trickle, and Steve Trickle are additional insureds under the United Policy issued to LNKBox.

121.     The coverage to which Trickle, Laura Trickle, and Steve Trickle are entitled under the United Policy is primary to any coverage to which they are entitled under the Scottsdale Policy, which is excess.

122.     Trickle, Laura Trickle, and Steve Trickle are entitled to a defense under the United Policy.

123.     Scottsdale has to date incurred the cost of defending Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit which United should have incurred.

124.     Scottsdale asks the Court to find and declare that United owes a defense and indemnity to Trickle, Laura Trickle, and Steve Trickle, that its coverage is primary, and that it is contractually obligated to pay the past and future cost of defending Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit and to indemnify them against any judgment or settlement entered against them, up to the limits of its coverage.

### Count 3: Declaratory Judgment
### The Starr Policy

125.     On information and belief, the Starr Policy is written on forms and includes endorsements substantially similar to those of the Everest and United Policies.

126.    The Madison Contract between Apex and Madison requires Madison to name Trickle, Laura Trickle and Steve Trickle as additional insureds on the Starr Policy.

127.    The amended complaint in the Underlying Suit alleges that Madison is liable in whole or in part for Mann's injuries and damages as a result of Madison's gross negligence or willful misconduct.

128.    The amended complaint in the Underlying Suit seeks damages from Trickle, Laura Trickle, and Steve Trickle that were allegedly caused in whole or in part by Madison.

129.    Trickle, Laura Trickle, and Steve Trickle are additional insureds under the Starr Policy issued to Madison.

130.    The coverage to which Trickle, Laura Trickle, and Steve Trickle are entitled under the Starr Policy is primary to any coverage to which they are entitled under the Scottsdale Policy, which is excess.

131.    Trickle, Laura Trickle, and Steve Trickle are entitled to a defense under the Starr Policy.

132.    Scottsdale has to date incurred the cost of defending Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit which Starr should have incurred.

133.    Scottsdale asks the Court to find and declare that Starr owes a defense and indemnity to Trickle, Laura Trickle, and Steve Trickle, that its coverage is primary, and that it is contractually obligated to pay the past and future cost of defending Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit and to indemnify them against any judgment or settlement entered against them, up to the limits of its coverage.

### Count 4: Declaratory Judgment
### The Scottsdale Policy

134.    Trickle, Laura Trickle, and Steve Trickle are all insureds under the Scottsdale Policy.

135.    The coverage provided to Trickle, Laura Trickle, and Steve Trickle under the Scottsdale Policy is excess over "any other insurance, … that is valid and collectible insurance available to any insured under any other policy."

136.    The CGL coverage available to Trickle, Laura Trickle, and Steve Trickle under the Everest, United, and Starr Policies is "valid and collectible insurance" available to them.

137.    The coverage available to Trickle under the Scottsdale Policy is excess to the coverage available to them under the Everest, United, and Starr Policies.

138.    When the insurance provided by Scottsdale is excess, Scottsdale has no duty to defend its insureds, if any other insurer has a duty to defend.

139.    Everest, United, and Starr all have a duty to defend Trickle, Laura Trickle, and Steve Trickle.

140.    Scottsdale has no duty to defend Trickle, Laura Trickle, or Steve Trickle.

141.    Scottsdale has to date incurred the cost of defending Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit which Everest, United, and Starr should have been incurred.

142.    Scottsdale asks the Court to find and declare that it is not obligated to defend or to continue defending Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit or to indemnify them against any judgment or settlement entered against them, except on an excess basis, after the coverage available to Trickle, Laura Trickle, and Steve Trickle under the Everest, United and Starr Policies has been exhausted, up to the limits of its coverage.

## Count 5: Declaratory Judgment
## The Lease

143.    The Lease obligated Apex to "protect, defend, indemnify, and hold Trickle harmless from and against any and all liabilities, claims, expenses, losses and damages (including reasonable attorney fees and costs), arising as a result of or in connection with any Tenant Events during the Term."

144.    The injuries and damages that Mann, in the Underlying Suit, claims to have suffered arose out of a Tenant Event held during the term of the Lease.

145.    Apex is obligated under the Lease to protect, defend, indemnify, and hold Trickle harmless from and against any and all liabilities, claims, expenses, losses and damages (including reasonable attorney fees and costs) sought by Mann in the Underlying Suit.

146.    Apex has breached its duty under the Lease.

147.    As a result of Apex's breach of the Lease, Scottsdale has been compelled to defend Trickle in the Underlying Suit and to incur the costs associated with Trickle's defense.

148.    Scottsdale asks the Court to find and declare that Apex is contractually obligated to pay the past and future cost of defending Trickle in the Underlying Suit and to indemnify Trickle against any judgment or settlement entered against it.

## Count 6: Declaratory Judgment
## The LNKBox Contract

149.    The LNKBox Contract obligated LNKBox to "indemnify, defend and…hold harmless…the venue and its principals…from and against all damages, claims, [and] losses (including attorneys' fees and costs)" in connection with LNKBox's furnishing of "seventy (70) decorated carts and drivers for patron transportation."

21

150.    The injuries and damages that Mann, in the Underlying Suit, claims to have suffered arose out of LNKBox's furnishing of "seventy (70) decorated carts and drivers for patron transportation."

151.    Trickle is the "venue" referred to in the LNKBox Contract and Laura Trickle and Steve Trickle are its "principals."

152.    LNKBox is accordingly obligated under the LNKBox Contract to "indemnify, defend and…hold harmless…Trickle, Laura Trickle, and Steve Trickle…from and against all damages, claims, [and] losses (including attorneys' fees and costs)" sought by Mann in the Underlying Suit.

153.    LNKBox has breached its duty under the LNKBox Contract.

154.    As a result of LNKBox's breach of the LNKBox Contract, Scottsdale has been compelled to defend Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit and to incur the costs associated with their defense.

155.    Scottsdale asks the Court to find and declare that LNKBox is contractually obligated to pay the past and future cost of defending Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit and to indemnify them against any judgment or settlement entered against them.

### Count 7: Declaratory Judgment
### The Madison Contract

156.    The Madison Contract obligates Madison to "indemnify, defend and…hold harmless…Apex and its affiliates and their principals…from and against all damages, claims, [and] losses (including attorneys' fees and costs)…in connection with the gross negligence or willful misconduct of Madison."

157.    The injuries and damages that Mann, in the Underlying Suit, claims to have suffered are alleged to have arisen out of Madison's gross negligence or willful misconduct.

158.    Trickle is the Apex "affiliate" referred to in the Madison Contract and Laura Trickle and Steve Trickle are its "principals."

159.    Madison is accordingly obligated under the Madison Contract to "indemnify, defend and…hold harmless…Trickle, Laura Trickle, and Steve Trickle…from and against all damages, claims, [and] losses (including attorneys' fees and costs)" sought by Mann in the Underlying Suit.

160.    Madison has breached its duty under the Madison Contract.

161.    As a result of Madison's breach of the Madison Contract, Scottsdale has been compelled to defend Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit and to incur the costs associated with their defense.

162.    Scottsdale asks the Court to find and declare that Madison is contractually obligated to pay the cost of defending Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit and to indemnify them against any judgment or settlement entered against them.

### Count 8: Unjust Enrichment
### Everest, United, and Starr

163.    Mann's amended complaint in the Underlying Suit makes allegations against Trickle, Laura Trickle, and Steve Trickle that are potentially or arguably covered by the Everest, United, Starr and Scottsdale Policies.

164.    Everest, United and Starr each owe primary CGL coverage to Trickle, Laura Trickle and Steve Trickle under their respective Policies.

165.    Scottsdale owes only excess CGL coverage.

166. Everest, United, and Starr owe a duty to defend Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit.

167. Scottsdale owes a duty to defend Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit only if Everest, United, and Starr fail or refuse to defend.

168. Because Everest, United, and Starr have failed or refused to defend Trickle, Laura Trickle, and Steve Trickle, Scottsdale has been compelled to defend them.

169. Scottsdale's defense of Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit constitutes a benefit conferred upon Everest, United, and Starr.

170. Everest, United, and Starr are knowledgeable of the benefit that Scottsdale has conferred upon them.

171. Everest, United, and Starr have retained that benefit under circumstances where it is unjust to do so without payment Scottsdale.

**Count 9: Unjust Enrichment**
**Apex, LNKBox, and Madison**

172. Under the terms of the Lease and the LNKBox and Madison Contracts, Apex, LNKBox, and Madison are contractually obligated to defend Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit.

173. Apex, LNKBox, and Madison have failed or refused to defend.

174. Because Apex, LNKBox, and Madison have failed or refused to defend Trickle, Laura Trickle, and Steve Trickle, Scottsdale has been compelled to defend them.

175. Scottsdale's defense of Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit constitutes a benefit conferred upon Apex, LNKBox, and Madison.

176. Apex, LNKBox, and Madison are knowledgeable of the benefit that Scottsdale has conferred upon them.

177. Apex, LNKBox, and Madison have retained that benefit under circumstances where it is unjust to do so without payment Scottsdale.

**Prayer for Declaratory Judgment and Further Relief**

WHEREFORE, Scottsdale requests the Court to declare the rights and duties of the parties under the Policies and to specifically declare that:

1. Everest, United, and Starr all owe primary CGL coverage to Trickle, Laura Trickle, and Steve Trickle for Mann's claims against them in the Underlying Suit.

2. Everest, United, and Starr all owe a duty to defend Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit.

3. The CGL coverage available to Trickle, Laura Trickle, and Steve Trickle under the Scottsdale Policy is excess to the CGL coverage available to them under the Everest, United, and Starr Policies.

4. Scottsdale has no duty to defend or to continue defending Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit while coverage is available to them under the policies issued by Everest, United and/or Starr.

5. Everest, United and Starr have been unjustly enriched by Scottsdale's defense of Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit.

6. Apex, LNKBox, and Madison, respectively, owe a defense and indemnity to Trickle, Laura Trickle, and Steve Trickle under the Lease, LNKBox Contract, and Madison Contract.

7. Apex, LNKBox, and Madison have been unjustly enriched by Scottsdale's defense of Trickle, Laura Trickle, and Steve Trickle in the Underlying Suit.

As further relief in support of the declaration of the parties rights, Scottsdale petitions the Court for damages in the amount of the attorneys' fees, litigation expenses, and other costs that it has unjustly incurred in the defense of Trickle, Laura Trickle and Steve Trickle. Scottsdale further requests that such award be entered jointly and severally against Everest, United, Starr, Apex, LNKBox, and Madison.

Scottsdale further petitions the Court to award any other relief which the Court deems just and proper.

Respectfully submitted,

/s/ Gregory E. O'Brien
Gregory E. O'Brien (0037073)
CAVITCH FAMILO & DURKIN CO., L.P.A.
1300 East Ninth Street, 20th Floor
Cleveland, Ohio 44114
Telephone      (216) 621-7860
Facsimile      (216) 621-3415
Email          gobrien@cavitch.com
*Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff respectfully requests a Jury in the maximum number allowed by law at the time of the Trial of this matter on any disputed issue of material fact.

## **PRAECIPE TO THE CLERK**

To the Clerk: Please execute the Summons being filed herewith and return to the undersigned for service pursuant to Civil Rule 4.

/s/ Gregory E. O'Brien
Gregory E. O'Brien (0037073)
*Attorney for Plaintiff*