

Gregory E. O'Brien
Direct Dial 216.472.4621
gobrien@cavitch.com

1300 East 9th Street │20th Floor
Cleveland, Ohio 44114
T 216.621.7860
F 216.621.3415
cavitch.com

December 5, 2023

**VIA EMAIL (ltrickle@gmail.com), REGULAR MAIL
and CERTIFIED MAIL NO. 9414 7266 9904 2977 9399 82**
Laura and Steve Trickle
dba "Trickle Productions"
P.O. Box 402
Thornville, OH 43076

|  |  |  |
|---|---|---|
| **Re:** | Case No.: | 2:22-cv-02553 |
|  | Jurisdiction: | United States District Court for the Southern District of Ohio |
|  | Claim No: | 02148759 |
|  | Policy No: | CPH7202362 |
|  | Policyholder: | Trickle Productions, LLC |
|  | Claimant: | Brooke N. Mann |
|  | Loss Date: | September 24, 2021 |
|  | Loss Location: | Legend Valley Concert Venue, Thornville, Ohio |

**<u>RESERVATION OF RIGHTS</u>**
**Read Carefully**

Dear Laura and Steve Trickle,

I have been retained by Scottsdale Surplus Lines Insurance Company ("Scottsdale") to consult and advise on coverage issues associated with this matter. The purpose of this letter is to advise you that Scottsdale will provide Defendants Laura and Steve Trickle dba Trickle Productions ("Trickle" or "you") with a defense in United States District Court for the Southern District of Ohio, Case No. 2:22-cv-02553 (the Suit), filed against you by Brooke N. Mann. The subject of the Suit is Claim No. 02148759 (the "Claim") which arises out of a September 24, 2021 vehicle rollover (the "Accident"). Scottsdale will also defend you against a crossclaim that has been filed against you in the Suit by Apex Event Management LLC ("Apex"). Scottsdale will defend both Mann's and Apex's claims in accordance with the terms and conditions of Policy No. CPH7202362 ("Policy") issued to Trickle, subject to a full reservation of rights.

EXHIBIT Q-1

Laura and Steve Trickle
dba "Trickle Productions"
December 5, 2023
Page 2

## Defense Counsel

Your defense has been referred to Attorney Doug Holthus of the law firm, Freeman Mathis & Gary, LLP.  The firm's mailing address is 175 South 3rd Street, Suite 1000, Columbus, OH 43215; Doug Holthus' direct dial telephone number is 614-683-8411.  He can be reached by email at Doug.Holthus@fmglaw.com.  Please cooperate fully with this attorney.

You may wish to retain personal counsel, at your own expense, to protect any uninsured interests you may have.  If you do not have a personal attorney, you can contact the attorney referral service of your local Bar Association.  However, the attorney noted above will defend all the allegations of the complaint and the crossclaim.

The following are the facts that Scottsdale has learned about the Claim from its investigation to date:

## The Accident

Mann and a friend were attending the "Lost Lands Music Festival" a three day electronic dance music festival with a "dinosaur theme" held between September 24 and 26, 2021 (the "Festival"). The Festival was held at Legend Valley, a sprawling, hilly, outdoor venue in a rural area of Ohio with associated camping facilities (the "Property"). On the first day of the Festival, Mann and her companion were utilizing Festival provided transportation from the camping area to the performance area via a "Tractor and Tram" described as a motorized four wheeled tractor pulling two trailers full of passengers (the "Vehicle"). During the course of the trip, the operator lost control of the Vehicle on a hill, resulting in it rolling over and crushing Mann. She suffered serious injuries necessitating a lengthy hospital stay and ongoing, allegedly permanent loss of use of one limb.

## The Suit

Mann filed the Suit on August 17, 2023 and filed her first amended complaint the same day. In addition to Trickle and Apex, the Suit names as Defendants LNKBox Group, Inc. ("LNK"), Ryan Axford, FlexTram, LLC ("FlexTram"), and AEG Presents LLC ("AEG"). Mann claims to have suffered serious and permanent bodily injuries in the Accident at the Festival which she alleges occurred on the Property at 7885 Kindle Road, Thornville, Ohio.

The first amended complaint alleges that all Defendants acted jointly in all respects. The substantive counts however are specific to the various Defendants (*e.g.*, Count 1 is against Axford; Counts 2 and 3 are against FlexTram and LNK; Counts 4 and 5 are against Apex; Counts 6 and 7 are against AEG; and Counts 8 and 9 are against Trickle).

In Count 8 of her first amended complaint, Mann alleges that Trickle was negligent and reckless in failing to provide a reasonably safe Event. This claim appears to assert that Trickle is merely vicariously liable for the tortious conduct of others. Mann seeks only compensatory damages from Trickle in Count 8.

EXHIBIT Q-2

Laura and Steve Trickle
dba "Trickle Productions"
December 5, 2023
Page 3

In Count 9, Mann alleges that Trickle was negligent and/or reckless in hiring, instructing, training, supervising, and retaining the transportation and maintenance providers and in failing to promulgate and enforce policies, procedures, and rules to ensure that the Event and grounds were reasonably safe. This claim asserts direct liability against Trickle and in this count, Mann seeks both compensatory and punitive damages.

In its crossclaim against Trickle and others, Apex seeks indemnity and contribution with respect to any liability assessed against it and in favor of Mann.

## The Lease

On February 20, 2019 Trickle and Apex entered into the Venue Lease Agreement (the "Lease") under which Trickle leased the Property to Apex for the purpose of promoting the Festival. The Lease covered the real property located in Thornville, Ohio commonly known as "Legend Valley," as well as certain adjacent property and all existing improvements (the "Site"). The Site is comprised of the ''Venue" area and the adjacent "Camping" areas (Lease, Section 1.1). Trickle received $9 per ticket sold as rent (Lease, Section 2.1).

The term of the Lease appears to be for essentially ten years (the remainder of the initial calendar year, plus nine one year option terms) (Lease, Section 3.1). The Lease also appears to restrict Apex' use of the Site to certain specified Dates and Times listed on Schedule B, which are roughly about two weeks at the end of September each year (Lease, Section 3.3, Schedule B).

Apex accepted the property in "as is" condition (Lease, Section 4.1). The Lease expressly required Apex to provide any "gatemen, building tradesmen, security forces, medical personnel or other staff" required for the Event (Lease, Section 6.1). Presumably, this would include the transportation providers and their driver.

The Lease obligated Apex to maintain general liability insurance with such coverage and in such amounts that are customarily carried by concert promoters in Ohio, and Trickle was to be named as an additional insured on Apex' policy. (Lease, Section 9.1).

The Lease further obligated Apex to "protect, defend, indemnify, and hold Trickle harmless from and against any and all liabilities, claims, expenses, losses and damages (including reasonable attorney fees and costs), arising as a result of or in connection with any Tenant Events, or the actions of Tenant and its employees, agents, guests, and contractors on the Site during the Term." Trickle has similar reciprocal indemnity and defense obligations to Apex.

## Notice

You gave Scottsdale first notice of the Claim on October 2, 2023, more than two years after the Accident. In an email dated October 4, 2023 Trickle advised Scottsdale that the Accident happened at "6378 Christland Hill Road, Thornville, Ohio 43076" and further stated that "this property was owned by Rachel Powell, who is now deceased." This address is not mentioned in the complaint, suggesting that Trickle had knowledge of the Accident prior to the Suit.

EXHIBIT Q-3

Laura and Steve Trickle
dba "Trickle Productions"
December 5, 2023
Page 4

## Apex' Insurance

Scottsdale's investigation to date includes a copy of an Accord form Certificate of Insurance dated October 9, 2023. The certificate was issued to Trickle and certifies that Apex was the named insured on policies issued by the Everest Insurance companies, including a CGL Policy with limits of $1,000,000 per occurrence, subject to a $1,000,000 General Aggregate limit.

The Certificate states that "Certificate holders are included as additional insured and loss payee as respects the operations of the Named Insured."

## The Policy

The Policy was issued by Scottsdale to Trickle for a one year term beginning on May 21, 2021 with Bodily Injury Liability limits of $3,000,000 per occurrence subject to $3,000,000 Products/Completed Operations and General Aggregate limits. The Schedule of Insured Locations lists 7583 Kindle Road in Thornville, Ohio as the sole "designated premises." The Commercial General Liability Coverage Part Extension of Supplemental Declarations includes a Class Description of "Concert" for the Premises/Operations scheduled for September 24, 2021 through September 26, 2021.

The Policy is written on CG 00 01 04 13 and obligates Scottsdale to pay those sums that Trickle becomes "legally obligated to pay as damages because of 'bodily injury' to which this insurance applies," and to defend Trickle against any "suit" seeking those damages. The Policy applies to "bodily injury" only if it is caused by an "occurrence" that takes place during the policy period.

"Bodily injury" means "bodily injury, sickness or disease sustained by a person." And, "occurrence" means "an accident."

The Policy's Supplemental Payments provision obligates Scottsdale to pay court costs taxed against the insured in any "suit," but these payments do not include "attorneys' fees or attorneys' expenses taxed against the insured."

In the event of an "occurrence," offense, claim or "suit" Trickle's coverage is conditioned on its notifying Scottsdale "as soon as practicable" and to the extent possible, providing certain basic information to Scottsdale about the "occurrence," offense, claim or "suit."

The Policy includes CG 21 44 04 17, Limitation of Coverage to Designated Premises, Project or Operation. The Scheduled Premises are identified as 7583 Kindle Road, Thornville, Ohio. The endorsement modifies Paragraph 1.b. of Section I – Coverage A so that coverage only applies to "bodily injury" caused by an "occurrence" if it "occurs on the premises shown in the schedule or the grounds and structures appurtenant to those premises."

The Policy also includes GLH-152s (8-16), Amendment to Other Insurance Condition. That endorsement provides that the Policy's coverage is "excess over any other insurance, whether primary, excess, contingent or on any other basis: … (d) If the loss arises out of the … use of [an]

EXHIBIT Q-4

Laura and Steve Trickle
dba "Trickle Productions"
December 5, 2023
Page 5

'auto' … to the extent not subject to Exclusion g. of Coverage A (SECTION I); or (e) that is valid and collectible insurance available to any insured under any other policy." Moreover, when "when this insurance is excess," Scottsdale "will have no duty under Coverages A or B to defend the insured against any 'suit' if any other insurer has a duty to defend the insured against that 'suit'."

Finally, the policy includes UTH-74g which excludes coverage for punitive or exemplary damages.

### Analysis

In her first amended complaint, Mann alleges that Trickle acted negligently or recklessly, and that it negligently or recklessly retained others, resulting in her claimed damages. Apex's crossclaim is extremely broad. Accordingly, Scottsdale will defend Trickle against both Mann's and Apex's claims as described earlier in this reservation of rights letter.

Scottsdale is providing you with a defense subject to a complete reservation of rights because Scottsdale's investigation of the claim suggests that the "Limitation of Coverage to Designated Premises, Project or Operation" endorsement may exclude coverage. The Policy provides coverage for bodily injuries occurring at "7583 Kindle Road, Thornville, OH 43076" or on "grounds and structures appurtenant" thereto. The complaint asserts that Mann's injuries occurred at "7885 Kindle Road, Thornville, Ohio." Other information acquired in Scottsdale's investigation of the Claim suggests that the Accident may have occurred at "6378 Christland Hill Road, Thornville, Ohio 43076," which was owned by someone other than Trickle, now deceased. Where the accident actually occurred, and whether any of these lands are "appurtenant" to the designated premises, remains to be investigated.

Likewise, the "Amendment to Other Insurance" endorsement may impact Scottsdale's rights and obligations with respect to the Claim and the Suit. That endorsement stipulates that the Policy's coverage is "excess over any other insurance…if the loss arises out of the … use of [an] 'auto' … to the extent not subject to" the Aircraft, Auto or Watercraft exclusion. Scottsdale is still investigating whether the motorized vehicle involved in the Accident was an "auto" as that term is defined in the Policy, and if it was, whether the Aircraft, Auto or Watercraft exclusion would apply.

The same endorsement further provides that coverage is "excess over any other insurance…that is valid and collectible insurance available to any insured under any other policy." And, when the Policy's coverage is excess, Scottsdale has "no duty … to defend the insured against any 'suit' if any other insurer has a duty to defend the insured against that 'suit'." If Apex and its insurer, Everest, owe primary coverage for Trickle's defense and indemnity against Mann's claims, then Scottsdale's coverage will be excess, and Scottsdale will not owe a duty to defend.

It is also worth mentioning that Trickle has a claim under Section 9.3 of the Lease for contractual indemnity from Apex, which may also trigger a duty on the part of Apex' CGL carrier Everest to defend. A defense for Trickle from Everest on these grounds would likewise render Scottsdale's coverage excess and relieve it of any duty to defend Trickle.

EXHIBIT Q-5

Laura and Steve Trickle
dba "Trickle Productions"
December 5, 2023
Page 6

Trickle's more than two year delay in reporting the Claim to Scottsdale may have violated a condition of Trickle's coverage under the Policy and voided any duty that Scottsdale may have otherwise had to defend or indemnify.

The Policy does not provide coverage for punitive damages or attorneys' fees.

### The Reservation of Rights

Scottsdale will require strict adherence to all of the terms of the Policy and its conditions. Scottsdale will continue to investigate coverage while the defense of the Suit proceeds, subject to a full reservation of its rights. You of course continue to have the right to retain your own, personal counsel---at your own expense---to advise you with respect to your rights vis-à-vis Scottsdale under the Policy, or on any other issues upon which you wish to consult. The attorneys retained by Scottsdale to defend the Suit will cooperate and consult with your personal counsel to the fullest extent permitted under the law and their ethical obligations.

Neither Scottsdale's willingness to defend nor any statement or acknowledgment in this letter should be construed by you as a waiver of any term or condition of any of the Policy or under Ohio law. Scottsdale specifically reserves all such rights, including but not limited to the right to: (1) disclaim coverage entirely; (2) withdraw its defense; (3) raise new or additional coverage defenses or amend or refine its current coverage defenses; (4) file a separate lawsuit against you and/or others---including but necessarily limited to Mann, Apex and Everest---to seek a declaration of the parties' rights under the Policy or the policies of others; (5) intervene in the Suit as a party, either to sue for a declaration of the parties' rights under any applicable Policies, or to participate in discovery, motion practice, and trial, including submitting interrogatories to the jury at trial.

Scottsdale further expressly reserves the right to rely upon any term or condition of the Policy, or any statute, law, regulation, legal precedent, or other basis that may limit or preclude coverage, whether those terms or conditions are discussed in this letter or not. By providing this defense under reservation, Scottsdale does not assume---and expressly disclaims---any burden of allocating damages awarded or negotiated for at settlement, between covered and non-covered claims, damages or parties.

Because the Suit seeks damages that may not be covered, you have the right to settle the Suit at your own expense. However, if you decide to settle or to enter a consent, stipulated or similar judgment without first obtaining the permission of Scottsdale or without reaching an agreement with Scottsdale about how much, if any, of the settlement will be allocated to covered damages, then some or all of the settlement may not be covered. You will have the burden of proving how much, if any, of the settlement is covered. Prior to taking any such action, I strongly recommend that you inform Scottsdale of your intent to settle this matter.

Should the Suit proceed to trial, it may be necessary to seek an allocated verdict, through the use of a jury interrogatories or a special verdict, to identify what portion of the verdict (and resulting judgment), if any, is allocable to covered versus uncovered claims and damages. Jury interrogatories also may be necessary to resolve factual issues that affect insurance coverage. You

EXHIBIT Q-6

Laura and Steve Trickle
dba "Trickle Productions"
December 5, 2023
Page 7

are advised to take whatever actions are necessary to achieve these objectives. Scottsdale reserves its right to require you to pursue an allocated verdict or to submit jury interrogatories, in order to achieve these objectives. Scottsdale reserves its right to intervene, or to take other action, in such trial, for the purpose of, among other things, pursuing an allocated verdict and/or to submit jury interrogatories, to achieve these objectives.

If you are served with an amended complaint, or if you have in your possession other information that you believe may affect Scottsdale's coverage analysis, please provide that information to Scottsdale at your first opportunity. If you think you may have coverage available to you under policies issued by other insurance companies or through other agencies, please provide copies of those policies to Scottsdale, so it can assess the potential availability of such coverage.

Mann alleges significant and permanent injuries from this Accident. To the extent it applies, the Policy's limits are $3,000,000 per occurrence with a $3,000,000 aggregate. The Company is not responsible for payment of any settlement/Judgment for uncovered damages or for damages in excess of its limits. If you have any other insurance, including any excess coverage, that may apply to this matter, we recommend that you place any such other policy/insurer on notice.

If you have questions about Scottsdale's coverage position or about the company's process for assessing coverage, or about the rights that Scottsdale has reserved, or if you have additional information to share regarding the Claim and/or the Suit, you can address those concerns with Scottsdale by contacting me at the email address or phone number listed above.

Scottsdale's coverage analysis will continue to be based on the facts that have been made available to the company. Scottsdale reserves the right to modify its coverage determination or to raise new coverage issues in the future as the facts known warrant.

Please understand that I am a private practice attorney retained by the company to assist and advise in the coverage evaluation. All coverage decisions are made solely by members of Scottsdale's claims department. If you have any questions, please feel free to contact me at the number listed above.

Very truly yours,

Gregory E. O'Brien

cc:     NBS Insurance Agency (III) - nbssupport@nationwide.com
        Deborah B. Rosenthal - rosend3@nationwide.com
        Doug Holthus - Doug.Holthus@fmglaw.com

EXHIBIT Q-7