## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

SCOTTSDALE SURPLUS LINES INSURANCE
COMPANY,

*Plaintiffs*,

v.

EVEREST NATIONAL INSURANCE COMPANY,
ET AL.,

*Defendants.*

CASE NO.: 2:24-cv-03477-MHW-EPD

Chief Judge: Michael H. Watson

Magistrate Judge: Elizabeth Preston Deavers

**RESPONSE TO ORDER TO SHOW
CAUSE**

Of Plaintiff Scottsdale Surplus Lines
Insurance Company

(Affidavit and Exhibits attached)

Pursuant to this Court's October 4, 2024 Show Cause Order, Plaintiff Scottsdale Surplus

Lines Insurance Company ("Scottsdale") states for its showing of good cause why this action

should not be dismissed and why the Court should deem service of process to have been waived

or achieved on Defendants United Specialty Insurance Company ("United"), Starr Indemnity &

Liability Company ("Starr"), Madison House Presents LLC ("Madison"), Laura Trickle, and Steve

Trickle and grant an extension of time to effect service on Defendants LNKBox Group, Inc.

("LNKBox") and Trickle Productions LLC ("Trickle"), as follows:

Scottsdale brought this suit for declaratory judgment (the "Suit") pursuant to Fed.R.Civ.P.

52, and 28 U.S.C. Section 2201(a), on the parties' respective rights and obligations under

commercial general liability ("CGL") policies issued by Scottsdale, Everest National Insurance

Company ("Everest"), United, and Starr (collectively, but excluding Scottsdale, the "Insurer

Defendants") to Trickle, Apex Event Management LLC ("Apex"), LNKBox, and Madison

(collectively, but excluding Trickle, the "Contractor Defendants"), respectively. The Insurer Defendants are obligated to defend and indemnify Trickle, Laura Trickle, and Steve Trickle under their respective insurance policies (the "Policies") against claims asserted in a related personal injury suit pending in this Court, Case No. 2:22-cv-02553-JLG-EPD, styled *Mann v. LNKBox Group Inc*., et al (the "Underlying Suit").

Scottsdale also seeks a declaration of the parties rights and obligations under the following contracts: (1) a venue lease entered into between Trickle (as landlord) and Apex (as tenant), requiring, among other things, Apex to indemnify, defend, and insure Trickle against certain claims and suits (the "Lease"); (2) an agreement for services entered into between Apex (as the services purchaser) and LNKBox (as the services vendor), that obligated LNKBox to indemnify, defend and insure Trickle, Laura Trickle, and Steve Trickle against certain claims and suits (the "LNKBox Contract"), and (3) an agreement for services entered into between Apex (as the services purchaser) and Madison (as the services vendor), that obligated Madison to indemnify, defend and insure Trickle, Laura Trickle, and Steve Trickle against certain claims and suits (the "Madison Contract"). All three Contracts require the Contractor Defendants to defend and indemnify Trickle, Laura and Steve in the Underlying Suit.

Scottsdale initiated the Suit because despite its efforts to convince the Insurer and Contractor Defendants to take up Trickle's, Laura's and Steve's defense in the Underlying Suit and to indemnify them if necessary, none would, resulting in Scottsdale having to unfairly incur those costs to date.

Attached to this Good Cause Showing is the affidavit of Gregory E. O'Brien, counsel of record for Scottsdale (the "Affidavit"). The Affidavit sets forth sworn testimony establishing Scottsdale's efforts to date to obtain service of process on the Defendants. In summary, the

Affidavit testimony establishes that on June 27, 2024 Scottsdale filed the Suit and presented to the Clerk, and the Clerk issued, summons to each of the Defendants. Scottsdale subsequently, issued Requests for Waiver of Service on each Defendant.

Defendants Everest and Apex agreed to waive service and both have entered an appearance. However, for various reasons, neither has yet answered the complaint. Both have requested and obtained extensions of time making their responsive pleadings or motions due November 6, (Apex) and 12, (Everest) 2024. In the interim, Scottsdale and Everest have taken steps toward resolving the dispute as it relates to these three parties (i.e., Scottsdale, Everest, and Apex).

Scottsdale experienced difficulty making service of the Request for Waiver of Summons on both United and its insured, LNKBox. The initial attempts to both failed. Second attempts at different addresses likewise failed but for reasons that Scottsdale and its counsel were unable to discern. Telephone calls to the Delaware Secretary of State to confirm that both were domestic Delaware corporations, and to the registered statutory agents of each, resulted in Scottsdale eventually making good service of the Waiver Request on both United and LNKBox. United has just recently waived service (via a telephone call, only, at this point) and requested additional time to retain local counsel. Scottsdale received no response from LNKBox and recently issued a summons to that Defendant by certified mail. It is still too soon to determine if service on LNKBox will be successful.

Scottsdale successfully served the Request for Waiver of Service on the remaining Defendants: Starr, Madison, Trickle, Laura and Steve on the first attempt. However, none of these Defendants agreed to waive or otherwise responded to the Request for Waiver. Accordingly, on September 6, 2024 Scottsdale served copies of a summons and the complaint on each. All but

Trickle were successfully served in the following several days. The 21 days for moving or pleading in response to the complaint expired for Starr, Madison, Laura and Steve on various dates between October 1 and 11, 2024. None answered, moved, or requested additional time. Each of these four Defendants is now in default. According to the United States Postal Service, as of the Affidavit date, service of the summons and complaint on Trickle remain "in transit."

Accordingly, as is set forth in greater detail in the Affidavit and accompanying exhibits, currently: Everest, Apex and United have waived service (though only the former two have entered an appearance); Starr, Madison, Laura and Steve have been served and are currently in default; and a summons and a copy of the complaint have been issued via certified mail to LNKBox and Trickle, with no definite word from the U.S. Postal Service with regard to success or failure of those efforts.

Scottsdale requests the Court (and the Clerk) to accept the Affidavit and accompanying exhibits being filed herewith as proof of service under Fed.R.Civ.P. 4(l) with respect to Starr, Madison, Laura and Steve. In light of the diligence documented in the Affidavit, Scottdale requests the Court to exercise its discretion to extend the time for obtaining service of a summons and the complaint on LNKBox and Trickle.

Scottsdale, and more particularly its undersigned counsel, directed staff to affect service on all Defendants pursuant to Fed.R.Civ.P. 4(c), (d), (e), (h) and (l). The involved staff understood this to include serving all relevant proofs of service together at the same time, which Counsel acknowledges in hindsight, resulted in the appearance (from the perspective of the docket) of not much being done to obtain service of process on the Defendants and to commence the Suit. Counsel further acknowledges that he failed to consult U.S.D.C. for the S.D. Ohio Loc.R. 4.2, which expresses a preference for a modified procedure. On behalf of Scottsdale, Counsel requests

4

the Court to excuse this oversight and to accept the attached Affidavit and exhibits as proof of service respecting Starr, Madison, Laura and Steve and to grant leave to await the Postal Service's pronouncement with respect to service on LNKBox and Trickle or to attempt service on those Defendants by an alternate method.

Respectfully submitted,

/s/ Gregory E. O'Brien
Gregory E. O'Brien (0037073)
CAVITCH FAMILO & DURKIN CO., L.P.A.
1300 East Ninth Street, 20th Floor
Cleveland, Ohio  44114
Telephone      (216)621-7860
Facsimile      (216)621-3415
Email          gobrien@cavitch.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of October 2024, a true and accurate copy of the foregoing was filed electronically with the Court's CM/ECF filing system. Notice of this filing will be served on the parties by operation of the Court's electronic filing system.

/s/ Gregory E. O'Brien
Gregory E. O'Brien (0037073)
*Attorney for Plaintiff*

5