STATE OF OHIO            )
                         ) ss:
COUNTY OF CUYAHOGA       )

# AFFIDAVIT

I, Gregory E. O'Brien, being first duly sworn, do hereby state and depose as follows:

1. I am an attorney at law, licensed to practice in the State of Ohio (OH Reg. No. 0037073), the United States District Courts for the Northern and Southern Districts of Ohio, and the United States Sixth Circuit Court of Appeals.

2. I am a 1986 graduate of the Ohio State University College of Law (now the Moritz College of Law), and a partner in the law firm of Cavitch, Familo & Durkin Co., LPA.

3. I am one of the attorneys representing Plaintiff Scottsdale Insurance Company in this Case No. 2:24-cv-03477 in the United States District Court for the Southern District of Ohio, captioned, *Scottsdale Surplus Lines Ins. Co. v. Everest National Ins. Co., et al.* (the "Suit").

4. I am over 18 years of age and not a party to the Suit. The employees of my firm who assisted in serving or attempting to serve process in the Suit are all likewise over 18 years of age and not parties to the Suit.

5. I filed the Suit on behalf of Scottsdale on June 27, 2024.

6. On the same day I presented to the Clerk and the Clerk issued summons addressed to each of the Defendants named in the Suit.

7. The Defendants named in the Suit are Everest National Insurance Company ("Everest"), Apex Event Management LLC ("Apex"), United Specialty Insurance Company ("United"), LNKBox Group, Inc. ("LNKBox"), Starr Indemnity & Liability Company ("Starr"), Madison House Presents LLC ("Madison"), Trickle Productions LLC ("Trickle"), Laura Trickle, and Steve Trickle.

8. The Suit is for declaratory judgment on insurance policies and other contracts under which Scottsdale's policyholders (Trickle, Laura, and Steve) are owed coverage as additional insureds or by way of contractual indemnity obligations in a related personal injury suit pending in this Court, Case No. 2:22-cv-02553-JLG-EPD, styled *Mann v. LNKBox Group Inc.*, et al (the "Underlying Suit").

9. Trickle, Laura, and Steve are being defended in the Underlying Suit by Scottsdale, yet they are additional insureds under policies issued by Everest (to Apex), United (to LNKBox) and Starr (to Madison) whose coverage is primary to that of Scottsdale.

10. Trickle, Laura and Steve are also entitled to contractual indemnity for the claims made against them in the Underlying Suit under contracts executed by Apex, LNKBox and Madison.

11. I took, or directed members of my staff to take, the following steps with regard to service of process on each of the Defendants:

12. With regard to Everest and Apex:

    a. I served the initial request for Waiver of Service of Summons on Everest via certified mail on July 23, 2024, at its home office in Liberty Corner, New Jersey; See Exhibit A[1];

    b. I served the initial request for Waiver of Service of Summons on Apex via certified mail on July 23, 2024, via its statutory agent, WH Entity Services Inc. in Cleveland, Ohio; See Exhibit B;

    c. Good service of the request for Waiver was accomplished on Everest on August 1, 2024, and on Apex on August 8, 2024; See Exhibits C and D;

    d. Both had until August 22, 2024 to respond to the request for Waiver of Service;

    e. Both Everest and Apex waived service and have since retained counsel who have entered their respective appearances on the docket;

    f. Both Everest and Apex have, for different and seemingly valid reasons explained in their respective motions, sought multiple extensions of time to answer, to which Scottsdale has not objected;

    g. Scottsdale is in discussions with Everest to potentially resolve its claims against Everest and its insured, Apex.

13. With regard to United:

    a. I served the initial request for Waiver of Service of Summons on United via certified mail on July 23, 2024, care of CT Corporation System, in Columbus, Ohio who my firm's initial research indicated was the statutory agent; See Exhibit E;

    b. CT Corporation System refused to accept service and returned the request for Waiver to "sender" on August 22, 2024;

    c. I served a second request for Waiver of Service of Summons on United via certified mail on August 23, 2024, care of National Registered Agents, Inc., in

---

[1] For purposes of conservation of resources, the copies of the Requests for Waiver of Service and Summons attached as Exhibits do not include copies of the complaint, which was served but is voluminous.

        Wilmington, Delaware, who further research indicated was United's statutory agent; See Exhibit F;

    d. For reasons, unknown, National Registered Agents, Inc. refused to accept service and returned the request for Waiver to "sender" on September 10, 2024;

    e. My office continued to investigate the proper address for service of process on United; on September 13, 2024, a paralegal in my office spoke with representatives of the Delaware Secretary of State's office;

    f. That office confirmed that United was a domestic Delaware corporation and that National Registered Agents Inc. was its statutory agent;

    g. My office contacted Registered National Agent by phone and obtained assurance that another attempt at service would be accepted there;

    h. Accordingly, I served a third request to United via certified mail on September 13, 2024, care of National Registered Agents Inc. in Wilmington, Delaware; See Exhibit G;

    i. Successful service of the third request for Waiver of Summons was made on September 19, 2024; See Exhibit H;

    j. United's response to the third request for Waiver of Summon was due on October 14, 2024;

    k. On October 14, 2024 I received a telephone call from a person who identified herself as an employee of National Registered Agents; she indicated that United would waive service, but that the company was having difficulty locating local counsel to undertake United's defense due to the fact that the several local firms to whom such a matter would typically be referred were all conflicted as a result of the Underlying Suit; she requested that I consent to an extension of time to answer, which I did.

    l. As of this writing, United has not entered an appearance or moved to extend the time to answer.

14. With regard to LNKBox:

    a. I served the initial request for Waiver of Service of Summons on LNKBox via certified mail on July 23, 2024, at what my firm's initial research indicated was its corporate headquarters in Pasadena, California; See Exhibit I;

    b. On or around August 15, 2024, the postal service returned the Waiver of Service "return to sender – not deliverable as addressed"; See Exhibit J;

    c. I served a second request for Waiver of Service of Summons on LNKBox via certified mail on August 23, 2024, care of Incorp Services, Inc., in Newark,

        Delaware, who further research indicated was LNKBox's statutory agent; See Exhibit K;

    d. For reasons, unknown, Incorp Services, Inc. refused to accept service and returned the request for Waiver to "sender" on September 5, 2024;

    e. My office continued to investigate the proper address for service of process on LNKBox; the paralegal who investigated the service issues with United also spoke with representatives of the Delaware Secretary of State's office concerning LNKBox as well;

    f. That office confirmed that LNKBox was a domestic Delaware corporation and that Incorp Services Inc. was its statutory agent.

    g. My office contacted Incorp Services Inc. by phone and obtained assurance that another attempt at service would be accepted there;

    h. Accordingly, I served a third request to LNKBox via certified mail on September 13, 2024, care of Incorp Services Inc. in Newark, Delaware; See Exhibit L;

    i. Successful service of the third request for Waiver of Summons was made on September 18, 2024; See Exhibit M;

    j. LNKBox's response to the third request for Waiver of Summon was due on October 14, 2024;

    k. I received no response to the third request for Waiver of Summons on LNKBox;

    l. On October 17, 2024, I issued a summons to LNKBox via certified mail on its statutory agent Incorp Services in Newark, New Jersey; See Exhibit N;

    m. As of this writing, the United States Postal Service has not indicated the status of that attempt at service.

15. With regard to Starr:

    a. I served the initial request for Waiver of Service of Summons on Starr via certified mail on July 23, 2024, at what my firm's initial research indicated was its corporate headquarters in Chicago, Illinois; See Exhibit O;

    b. Good service of the request for Waiver was accomplished on Starr on August 7, 2024; See Exhibit P;

    c. Starr had until August 22, 2024 to respond to the request for Waiver of Service;

    d. This office received no response from Starr to the request for Waiver of Service;

    e. On September 6, 2024 I issued a summons to Starr at its offices in Chicago; See Exhibit Q;

      f. Good service of the summons was accomplished on Starr on September 9, 2024; See Exhibit R;

      g. Starr had until October 1, 2024 to respond to the summons;

      h. As of this date, I have received no response to the summons and complaint served on Starr on September 9, 2024 and Starr is in default.

16. With regard to Madison:

      a. I served the initial request for Waiver of Service of Summons on Madison via certified mail on July 23, 2024, care of CT Corporation System, in Columbus, Ohio who my firm's initial research indicated was the statutory agent; See Exhibit S;

      b. Good service of the request for Waiver was accomplished on Madison on July 31, 2024: See Exhibit T;

      c. Madison had until August 22, 2024 to respond to the request for Waiver of Service;

      d. This office received no response from Madison to the request for Waiver of Service;

      e. On September 6, 2024 I issued a summons to Madison at its offices in Chicago; See Exhibit U;

      f. Good service of the summons was accomplished on Madison on September 19, 2024;

      g. Madison had until October 11, 2024 to respond to the summons;

      h. As of this date, I have received no response to the summons and complaint served on Madison on September 19, 2024 and Madison is in default.

17. With regard to Trickle Productions:

      a. I served the initial request for Waiver of Service of Summons on Trickle via certified mail on July 23, 2024, care of Sam Starr Inc., in Columbus, Ohio who my firm's initial research indicated was the statutory agent; See Exhibit V;

      b. Good service of the request for Waiver was accomplished on Trickle on August 1, 2024; See Exhibit W;

      c. Trickle had until August 22, 2024 to respond to the request for Waiver of Service;

      d. This office received no response from Trickle to the request for Waiver of Service;

      e. On September 6, 2024 I issued a summons to Trickle via Sam Starr Inc., its statutory agent in Columbus, Ohio; See Exhibit X;

  f. As of this date, the Unites States Postal Service website indicates that service of the summons on Trickle is "in transit."

18. With regard to Laura Trickle:

  a. I served the initial request for Waiver of Service of Summons on Laura via certified mail on July 23, 2024, at P.O. Box 402. Thornville, Ohio which my firm's initial research indicated was her personal mailing address; See Exhibit Y;

  b. Good service of the request for Waiver was accomplished on Laura on August 8, 2024; See Exhibit Z;

  c. Laura had until August 22, 2024 to respond to the request for Waiver of Service;

  d. This office received no response from Laura to the request for Waiver of Service;

  e. On September 6, 2024 I issued a summons to Laura at her personal mailing address, P.O. Box 402. Thornville, Ohio; See Exhibit AA;

  f. Good service of the summons was accomplished on Laura on September 10, 2024; See Exhibit BB;

  g. Laura had until October 2, 2024 to respond to the summons;

  h. As of this date, I have received no response to the summons and complaint served on Laura on September 10, 2024 and Laura is in default.

19. With regard to Steve Trickle:

  a. I served the initial request for Waiver of Service of Summons on Steve via certified mail on July 23, 2024, at P.O. Box 402. Thornville, Ohio which my firm's initial research indicated was his personal mailing address; See Exhibit CC;

  b. Good service of the request for Waiver was accomplished on Steve on August 8, 2024; See Exhibit DD;

  c. Steve had until August 22, 2024 to respond to the request for Waiver of Service;

  d. This office received no response from Steve to the request for Waiver of Service;

  e. On September 6, 2024 I issued a summons to Steve at his personal mailing address, P.O. Box 402. Thornville, Ohio; See Exhibit EE;

  f. Good service of the summons was accomplished on Steve on September 13, 2024; See Exhibit FF;

  g. Steve had until October 6, 2024 to respond to the summons;

    h. As of this date, I have received no response to the summons and complaint served on Steve on September 13, 2024 and Steve is in default.

Further affiant sayeth naught.

_____
Gregory E. O'Brien (0037073)

SWORN TO BEFORE ME, a notary public of this state, and subscribed in my presence this 18th day of October, 2024.

_____
Notary Public

ROY A. KRALL, Attorney at Law



ROY A. KRALL, Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration Date